JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZAUSNER FOODS CORP, a Delaware corporation

### DEFENDANTS
CLAUDE BLANDIN, BRUNO BLANDIN, PATRICK BLANDIN, ARNO LEONI, individuals

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Florida**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / [x] 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / [x] 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
common law and equitable state law claim

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Marcia Cooke
DOCKET NUMBER: 20-21681-Civ-MGC-JG

DATE: 08/22/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ZAUSNER FOODS CORP, a Delaware corporation,

    Plaintiffs,                                          Case No.

vs.

CLAUDE BLANDIN, BRUNO BLANDIN,
PATRICK BLANDIN, ARNO LEONI, individuals
and JOHN DOE DEFENDANTS 1-10,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Claude Blandin, Bruno Blandin, Patrick Blandin, and Arno Leoni, individuals, ("Defendants") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.  The grounds and basis for this removal are as follows:

## THE REMOVED CASE

1.    The removed case is a civil action filed on or about April 28, 2022, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, having been assigned Case No.: 2022-007901-CA-01, and captioned *Zausner Foods Corp. v. Claude Blandin, Bruno Blandin, Patrick Blandin, Arno Leoni, et al.* The action involves common law tort and conspiracy claims. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and/or countries and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## PAPERS FROM REMOVED ACTION

2.  As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of the process, pleadings and orders served on Defendants from the state court file. *See Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1149-50 (11th Cir. 2009).

## THE REMOVAL IS TIMELY

3.  28 U.S.C. § 1446(b) states in relevant part that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4.  Plaintiffs served the Summons and Complaint on Defendants on August 8, 2022. *See* Ex. B -- Notice of Service of Process (listing date reflecting service of the Summons and Complaint on Defendants on August 8-9, 2022). Because this matter is being removed within thirty days after Defendants' receipt of the Summons and Complaint, this removal is timely under 28 U.S.C. § 1446(b).  See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, at *1 n.2 (S.D. Fla. Oct. 22, 2010) (removal is timely when accomplished within §1446(b)'s 30-day time frame).

## THE VENUE REQUIREMENT IS MET

5.  Venue is proper in the Southern District of Florida, because the state court action was pending within the jurisdictional confines of this District and Division. 28 U.S.C. § 1446(a).

### DIVERSITY OF CITIZENSHIP EXISTS

6. This is a civil action that falls under the Court's original diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. There is complete diversity of citizenship between the parties. "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004). Plaintiff Zausner is a Delaware corporation with its principal places of business in the Commonwealth of Pennsylvania. Compl. ¶ 2. Thus, Plaintiff Zausner is a citizen of Delaware for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8. Defendants are all French citizens residing in Guadeloupe. 28 U.S.C. § 1332(c)(1). *Id*. at ¶ 3.

9. Defendants are all French citizens residing in Guadeloupe at the time of filing of this action and at all relevant times.

10. Claude Blandin is a citizen of France for purposes of determining diversity under 28 U.S.C. § 1332(a)(2).

11. Bruno Blandin is a citizen of France for purposes of determining diversity under 28 U.S.C. § 1332(a)(2).

12. Patrick Blandin is a citizen of France for purposes of determining diversity under 28 U.S.C. § 1332(a)(2).

13. Arno Leoni is a citizen of France for purposes of determining diversity under 28 U.S.C. § 1332(a)(2).

14. Because Plaintiff is a citizen of Delaware and Defendants are citizens of France,

complete diversity of citizenship exists.  28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15.    The $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied here.  As discussed below, a plain reading of the allegations of the Complaint clearly demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Compl. ¶ 176, at 33. Plaintiff specifically alleges that it is seeking damages in excess of $6.1 million.

16.    In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

• a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 89 (emphasis added),

• the defendant "may simply allege or assert that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

• once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

17.    Accordingly, a plain reading of the Complaint demonstrates that the amount in controversy far exceeds the $75,000 minimum, exclusive of interest and costs, required for this Court's jurisdiction under 28 U.S.C. § 1332. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted); *Devore v.*

*Howmedica Osteonic Corp.*, 658 F.Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court or readily deducible from them, then the court has jurisdiction.") (citations omitted).

## FILING OF REMOVAL PAPERS

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being simultaneously served on Plaintiffs' counsel, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in the state court file from which this action has been removed. A copy of this notice (without attachment) is attached hereto as Exhibit C.

19. Thus, the state court action has been properly removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Florida; (ii) this action is between citizens of different states and/or countries; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Respectfully submitted,

**MARKO & MAGOLNICK, P.A.**
Attorneys for Plaintiff
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile: (305) 285-5555

By: /s/ John E. Kirkpatrick
**John E. Kirkpatrick, Esq.**
Florida Bar No. 386782
Kirkpatrick@mm-pa.com
**Joel S. Magolnick, Esq.**
Florida Bar No. 776068
Magolnick@mm-pa.com

Page 6 of 6     Case No.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via an automated email generated by the Florida Courts E-Filing Portal on August 22, 2022.

<u>/s/ John E. Kirkpatrick</u>
**John E. Kirkpatrick**

**Marko & Magolnick, P.A.**
Telephone 305/285-2000     3001 S.W. 3rd Avenue, Miami, Florida 33129     Facsimile 305/285-5555