# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

ZAUSNER FOODS CORP., a Delaware
corporation,

        Plaintiff,

v.

CLAUDE BLANDIN, BRUNO BLANDIN,
PATRICK BLANDIN, and ARNO LEONI,
individuals, and JOHN DOE DEFENDANTS 1-
10,

        Defendants.

Case No. 22-22660-Civ-KMM

## PLAINTIFF ZAUSNER FOODS CORP.'S MOTION FOR PROTECTIVE ORDER TO PREVENT SECOND DEPOSITIONS OF ALEX BONGRAIN AND PIERRE RAGNET

David W. Marston Jr.
Florida Bar No. 111636
Email: david.marston@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone:  305.415.3303
eFacsimile:  877.432.9652

Troy S. Brown (admitted *pro hac vice*)
  Email: troy.brown@morganlewis.com
Margot G. Bloom (admitted *pro hac vice*)
  Email: margot.bloom@morganlewis.com
Su Jin Kim (admitted *pro hac vice*)
  Email: su.kim@morganlewis.com
Brian Morris (admitted *pro hac vice*)
  Email: brian.morris@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1700 Market Street
Philadelphia, PA 19103-2921
Telephone:  215.963.5214
eFacsimile:  215.963.5001

*Counsel for Plaintiff Zausner Foods Corp.*

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................... 3

    A.   The Related Delaware Action and Its Overlap with the Present Litigation........... 3

    B.   Alex Bongrain, Pierre Ragnet, and their Prior Depositions................................. 4

III. LEGAL STANDARD........................................................................................... 5

IV.  ARGUMENT........................................................................................................ 5

    A.   Defendants Cannot Carry their Burden of Proving an Apex Deposition of Mr. Bongrain Is Necessary ...................................................................... 5

    B.   Compelling Alex Bongrain and Pierre Ragnet to Sit for Second Depositions Would Be Cumulative, Unduly Burdensome, and Harassing .......... 7

    C.   In the Alternative, Defendants Should Be Permitted Only to Take Depositions of Messrs. Bongrain or Ragnet by Written Questions under Rule 31, or any Supplemental Deposition(s) Should be Severely Time-Limited and Conducted via Remote Video............................................................. 8

V.   CONCLUSION.................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arugu v. City of Plantation*,
No. 09-61618-CIV-ZLOCH/ROSENBAUM, 2010 WL 11520180 (S.D. Fla.
May 4, 2010) ...............................................................................................................7

*Arugu v. City of Plantation*,
No. 09-61618-CIV, 2010 WL 2609394 (S.D. Fla. June 27, 2010).........................................7

*Bozeman v. Port-O-Tech Corp.*,
No. 07-60569-CIV, 2008 WL 2690797 (S.D. Fla. July 2, 2008) ............................................8

*Brown v. Branch Banking & Tr. Co.*,
No. 13-81192-CIV, 2014 WL 235455 (S.D. Fla. Jan. 22, 2014)..............................................6

*Cox v. Adm'r U.S. Steel & Carnegie*,
17 F.3d 1386 (11th Cir. 1994) .......................................................................................8

*Florida v. United States*,
No. 3:21cv1066/TKW/ZCB, 2022 WL 4021934 (N.D. Fla. Sept. 2, 2022).........................2, 8

*Hankerson v. Fort Lauderdale Scrap Inc.*,
No. 15-60785-CIV-ZLOCH, 2016 WL 7497570 (S.D. Fla. Mar. 4, 2016)..............................7

*Hickey v. N. Broward Hosp. Dist.*,
No. 14-CV-60542, 2014 WL 7495780 (S.D. Fla. Dec. 17, 2014)...........................................6

*Home Design Servs., Inc. v. W. Gargas Constr., Inc.*,
No. 3:08cv244/MCR/EMT, 2009 WL 3190462 (N.D. Fla. Oct. 1, 2009)................................7

*In re Willingham*,
No. 3:11-ap-00269-JAF, 2014 WL 3697556 (Bankr. M.D. Fla. July 18, 2014) ......................9

*Johnson v. Mortham*,
164 F.R.D. 571 (N.D. Fla. 1996) ..................................................................................9

*Saadi v. Maroun*,
No. 8:07-cv-1976-SCB-JSS, 2021 WL 8650792 (M.D. Fla. Mar. 18, 2021).........................7

*Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*,
No. 8:15-cv-1674-T-30JSS, 2016 WL 11493316 (M.D. Fla. Aug. 19, 2016).......................2, 7

*Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*,
310 F.R.D. 523 (S.D. Fla. 2015)....................................................................................6

*Tillman v. Advanced Pub. Safety, Inc.*,
   No. 15-cv-81782-MARRA/MATTHEWMAN, 2017 WL 679980 (S.D. Fla.
   Feb. 16, 2017) ...................................................................................................................5, 6

*Wurtz v. MSC Cruises, S.A.*,
   No. 18-62547-CIV-COOKE/HUNT, 2019 WL 13237598 (S.D. Fla. July 29,
   2019) ....................................................................................................................................7

**Other Authorities**

Savencia, S.A., *Corporate Governance*, https://www.savencia-
   fromagedairy.com/en/corporate-governance/ (last visited January 20, 2023)......................4, 5

Savencia, S.A., *Worldwide Presence*, https://www.savencia-
   fromagedairy.com/en/worldwide-presence/ (last visited January 20, 2023) ............................4

Plaintiff Zausner Foods Corp. ("Plaintiff" or "Zausner"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Rule 26.1 of the Southern District of Florida Local Rules, hereby moves this Court for a protective order to protect two officers of Zausner's indirect parent company—Alex Bongrain (an apex witness who was already deposed) and Pierre Ragnet (who was already deposed)—from being compelled to travel from their homes in France and Belgium to appear for unnecessary, cumulative, unduly burdensome, and harassing in-person depositions in the United States.  In support of this motion, Zausner states the following:

## I.      INTRODUCTION

As Defendants themselves have repeatedly argued to this Court (*see, e.g.*, ECF Nos. 21, 22, 23), the facts underlying this action overlap considerably with the claims and defenses asserted in *ECB USA, Inc. v. Savencia, SA*, No. 1:19-cv-00731-GWB-CJB (D. Del.) (the "Related Delaware Action").  Zausner originally pursued these claims against Defendants as part of the Related Delaware Action but was forced to refile its claims here after Defendants were held not subject to personal jurisdiction in the District of Delaware.[1]  Discovery in the Related Delaware Action has been underway for several years, and Alex Bongrain and Pierre Ragnet have already sat for all-day, in-person depositions in the Related Delaware Action, under examination by the same lead counsel representing Defendants in this case.[2]

Defendants contend that this case "involv[es] the same facts, claims, and defenses moving forward" in the Related Delaware Action.  ECF No. 21 ¶ 14 (Defendants' Motion to Stay).

---

[1] *ECB USA, Inc. v. Savencia SA*, No. 19-cv-00731-GWB-CJB, ECF No. 222 (Mar. 25, 2022) ("Memorandum Order").

[2] *See* Declaration of Margot G. Bloom ("Bloom Decl.") ¶¶ 8-9; *see also ECB USA, Inc. v. Savencia SA*, No. 19-cv-00731-GWB-CJB, ECF No. 233 (June 6, 2022) ("Notice to Take Deposition of Alex Bongrain, Tom Swartele, and Pierre Ragnet on September 16, 20 and 22, filed by Atlantic Ventures Corp., ECB USA, Inc.").

1

Nevertheless, even though Messrs. Bongrain and Ragnet have already been deposed by the same counsel in the Related Delaware Action, Defendants are now seeking to compel these individuals to travel from their homes in France and Belgium to the United States so they can sit for unnecessary, duplicative, unduly burdensome, and harassing second depositions in this action.

Plaintiff respectfully submits that the Court should not permit this. As a threshold matter, Alex Bongrain is an "apex" witness who sits at the very top of Plaintiff's indirect parent company, and Defendants have not established the need for such an "apex" deposition, especially with their counsel having deposed him comprehensively already in the Related Delaware Action. Moreover, Plaintiff will stipulate and agree that deposition testimony taken from Messrs. Bongrain and Ragnet in the Related Delaware Action may be treated as though it was taken in the present action as well, which eliminates any legitimate reason why these individuals should be subjected to the "annoyance, embarrassment, oppression, or undue burden or expense" of a second deposition. *Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*, No. 8:15-cv-1674-T-30JSS, 2016 WL 11493316, at *1-2 (M.D. Fla. Aug. 19, 2016) (citation omitted). It certainly eliminates any credible argument for insisting the witnesses need to travel to the United States for all-day depositions, as opposed to any supplemental questions being asked through a narrow deposition via written questions under Rule 31, or in a short, time-limited remote deposition via video. *See Florida v. United States*, No. 3:21cv1066/TKW/ZCB, 2022 WL 4021934, at *5 (N.D. Fla. Sept. 2, 2022). For these reasons, as set forth in greater detail below, Plaintiff's motion for a protective order should be granted.

II.     STATEMENT OF FACTS

A.      The Related Delaware Action and Its Overlap with the Present Litigation

As set forth in the Complaint, Plaintiff Zausner is a food production company that in 2014

sold its cheese distribution business, Schratter Foods, Incorporated ("SFI"),[3] to a pair of companies

owned and controlled by a notorious French family, the Blandins.  *See* ECF No. 1-2 (Complaint).

The Blandins proceeded to run this previously respectable business into bankruptcy.  *See id.*

Zausner is bringing claims against the Blandins—as well as their associate, Arno Leoni, and yet-

to-be-identified co-conspirators—because these individuals undertook a scheme to loot the assets

of SFI at the direct expense of Zausner, which is still owed $6.1 million in deferred purchase price

payments for the sale of SFI.  *See id.*  The Blandins and Leoni effected this scheme via their control

of several corporate entities, including ECB USA, Inc., Atlantic Ventures, Corp., G.I.E. C2B, and

SFI itself.  *See id.*

As set forth in the parties' prior submissions to this Court, allegations regarding the

Blandins' and Leoni's conduct are also at issue in the Related Delaware Action, which has been

pending since 2018.  *See, e.g.*, ECF No. 21 ¶ 14 (Defendants arguing that this case "involv[es] the

same facts, claims, and defenses moving forward" in the Related Delaware Action); ECF

No. 22 ¶ 1 (Defendants asserting that this action and another pending action "stem[] from the same

facts and transactions" as the "Delaware Action").  The corporate entities that the Blandins and

Leoni used to carry out their misconduct are parties in the Related Delaware Action, and the

---

[3] Zausner is asserting these claims both in its own right and as successor-in-interest to ZNHC, Inc., an entity which merged into Zausner and, as such, no longer exists as a separate entity.  *See* ECF No. 1-2 (Complaint).

specific claims asserted in this action were originally asserted in the Related Delaware Action, prior to the Blandins and Leoni being dismissed from that action for lack of personal jurisdiction.[4]

### B.    Alex Bongrain, Pierre Ragnet, and their Prior Depositions

Alex Bongrain is the Chairman of non-party Savencia SA ("Savencia"),[5] which is the indirect parent company of not just Plaintiff Zausner, but also the entire Savencia corporate family—a worldwide network of food services companies with approximately 22,000 employees.[6] Pierre Ragnet is a Deputy Director of non-party Savencia, and formerly the Head of U.S. Cheese Activities for Savencia.[7]  Both Mr. Bongrain and Mr. Ragnet have already been comprehensively deposed in the Related Delaware Action.[8]  Alex Bongrain was deposed in France, in person, on September 16, 2022.  Pierre Ragnet was deposed in France, in person, on September 22, 2022. Both depositions lasted the entire day and were taken by the same lead counsel representing Defendants in this case.  *See* Bloom Decl. ¶¶ 8-9.

On November 30, 2022, just two months after taking these all-day depositions in the Related Delaware Action, Defendants served Plaintiff with notices of deposition in the present action, demanding that Messrs. Bongrain and Ragnet appear a second time for in-person depositions in Florida.  Plaintiff Zausner offered to stipulate and agree that the deposition transcripts from the Related Delaware Action could be treated as though taken in this action, but Defendants refused that offer.  *See* Bloom Decl. ¶ 11.

---

[4] *See ECB USA, Inc. v. Savencia SA*, No. 19-cv-00731-GWB-CJB, ECF No. 222 (Mar. 25, 2022) ("Memorandum Order").

[5] *See* Bloom Decl. ¶ 6; *see also* Savencia, S.A., *Corporate Governance*, https://www.savencia-fromagedairy.com/en/corporate-governance/ (last visited January 20, 2023).

[6] *See* Bloom Decl. ¶ 5; Savencia, S.A., *Worldwide Presence*, https://www.savencia-fromagedairy.com/en/worldwide-presence/ (last visited January 20, 2023).

[7] *See* Bloom Decl. ¶ 7.

[8] *See* Bloom Decl. ¶¶ 8-9; *see also ECB USA, Inc. v. Savencia SA*, No. 19-cv-00731-GWB-CJB, ECF No. 233 (June 6, 2022) ("Notice to Take Deposition of Alex Bongrain, Tom Swartele, and Pierre Ragnet on September 16, 20 and 22, filed by Atlantic Ventures Corp., ECB USA, Inc.").

III.    LEGAL STANDARD

"Under Rule 26(c)(1), '[a] party or any person from whom discovery is sought may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must demonstrate good cause for the protection sought. Good cause has been defined as a sound basis or legitimate need to take judicial action." *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-cv-81782-MARRA/MATTHEWMAN, 2017 WL 679980, at *2 (S.D. Fla. Feb. 16, 2017) (alteration in original) (internal quotation marks and citations omitted). Furthermore, where the proponent of discovery seeks to depose a "high-ranking corporate officer," the burden is on the ***proponent*** to "establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success. Moreover, the party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary." *Id.* (citations omitted).

IV.    ARGUMENT

    A.    **Defendants Cannot Carry their Burden of
            Proving an Apex Deposition of Mr. Bongrain Is Necessary**

As set forth above, Alex Bongrain is the Chairman of Plaintiff Zausner's indirect parent company, non-party Savencia, and oversees a worldwide network of food services companies with approximately 22,000 employees. *See supra* at 3-4. There is no Savencia officer who is more highly ranked than Alex Bongrain.[9] "Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they are vulnerable to numerous, repetitive,

---

[9] *See* Bloom Decl. ¶ 6; *see also* Savencia, S.A., *Corporate Governance*, https://www.savencia-fromagedairy.com/en/corporate-governance/ (last visited January 20, 2023).

harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Tillman*, 2017 WL 679980, at \*2 (internal quotation marks omitted) (citing *Brown v. Branch Banking & Tr. Co.*, No. 13-81192-CIV, 2014 WL 235455, at \*2 (S.D. Fla. Jan. 22, 2014)). In order to depose a high-ranking corporate official like Mr. Bongrain, the burden is on Defendants to establish that such person "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue; ***and*** (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (emphasis added) (citing *Hickey v. N. Broward Hosp. Dist.*, No. 14-CV-60542, 2014 WL 7495780, at \*2 (S.D. Fla. Dec. 17, 2014)).

Here, Defendants are incapable of carrying that burden because their counsel has already taken a full-day deposition of Mr. Bongrain in the Related Delaware Action, and Plaintiff Zausner has offered to agree and stipulate that the deposition transcripts from the Related Delaware Action, including Mr. Bongrain's, can be used in the present action as if taken in this case. Moreover, Defendants served the notice of deposition for Mr. Bongrain ***before*** receiving responses to any other discovery requests served in this action, and ***before*** soliciting the deposition testimony of any other witnesses in this action. "[E]ven when a high-ranking official of a corporation does have direct knowledge of the facts, it is inappropriate to compel his or her deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015); *see also Brown*, 2014 WL 235455, at \*3 (holding plaintiffs failed to carry their burden of proving the need for an apex deposition, especially where "Plaintiffs have yet to take any [other] discovery"). As a result of the above, Defendants cannot credibly argue that a second deposition of Mr. Bongrain would yield "unique, non-repetitive" information that is not already known to them. *See Sun Cap. Partners*, 310 F.R.D. at 527. Accordingly, because it is impossible for Defendants to carry their

burden of proving the necessity of an apex deposition, Plaintiff respectfully requests that the Court

enter a protective order protecting Mr. Bongrain from being compelled to appear for deposition in

this action.

### B.      Compelling Alex Bongrain and Pierre Ragnet to Sit for Second Depositions Would Be Cumulative, Unduly Burdensome, and Harassing

In addition to the argument above, Plaintiff Zausner is entitled to a protective order

precluding the depositions of both Mr. Bongrain and Mr. Ragnet in this action because they have

already been deposed in the Related Delaware Action, and courts routinely enter protective orders

to protect parties and witnesses from the "annoyance, embarrassment, oppression, or undue burden

or expense" of being deposed for a second time. *Sheets*, 2016 WL 11493316, at *1-2 (granting

protective order to prevent second deposition) (citation omitted); *Wurtz v. MSC Cruises, S.A.*, No.

18-62547-CIV-COOKE/HUNT, 2019 WL 13237598, at *4 (S.D. Fla. July 29, 2019) (same);

*Hankerson v. Fort Lauderdale Scrap Inc.*, No. 15-60785-CIV-ZLOCH, 2016 WL 7497570, at *1

(S.D. Fla. Mar. 4, 2016) (same); *Home Design Servs., Inc. v. W. Gargas Constr., Inc.*, No.

3:08cv244/MCR/EMT, 2009 WL 3190462, at *4-5 (N.D. Fla. Oct. 1, 2009) (same); *Saadi v.

Maroun*, No. 8:07-cv-1976-SCB-JSS, 2021 WL 8650792, at *2 (M.D. Fla. Mar. 18, 2021) (same);

*Arugu v. City of Plantation*, No. 09-61618-CIV-ZLOCH/ROSENBAUM, 2010 WL 11520180, at

*2 (S.D. Fla. May 4, 2010) (same); *see also Arugu v. City of Plantation*, No. 09-61618-CIV, 2010

WL 2609394, at *4 (S.D. Fla. June 27, 2010) (reasoning that policy considerations dictate against

allowing a deponent to be re-deposed because "witnesses would be inconvenienced more and

discovery would become more expensive").

Defendants have represented to this Court that this case "involv[es] the same facts, claims,

and defenses moving forward" in the Related Delaware Action.  ECF No. 21 ¶ 14 (Defendants'

Motion to Stay).  Therefore, through the depositions in the Related Delaware Action, Defendants

(and the same counsel) have already had the opportunity to depose Messrs. Bongrain and Ragnet fully on any issues that they contend are relevant to this action. *See supra* at 3-4. Nevertheless, Defendants are now seeking to compel these individuals to undertake burdensome travel from their homes in France and Belgium to the United States so they can sit for duplicative, in-person depositions in this action as well. *See id.*

Plaintiff Zausner is prepared to stipulate and agree that transcripts of the witnesses' depositions from the Related Delaware Action may be treated as though they were taken in the present action. This stipulation would eliminate the need for duplicative, cumulative, burdensome, and expensive re-depositions of the noticed witnesses in the present action. *See Bozeman v. Port-O-Tech Corp.*, No. 07-60569-CIV, 2008 WL 2690797, at *4 (S.D. Fla. July 2, 2008) (holding defendants were not entitled to depose witness for a second time where defendants failed to demonstrate they were unable to address all relevant topics at the first deposition, or that the information they intended to solicit in second deposition could not be obtained by less burdensome means). Accordingly, Plaintiff respectfully requests that the Court enter a protective order protecting Mr. Bongrain and Mr. Ragnet from being compelled to appear for depositions in this action.

**C.      In the Alternative, Defendants Should Be Permitted Only to Take Depositions of Messrs. Bongrain or Ragnet by Written Questions under Rule 31, or any Supplemental Deposition(s) Should be Severely Time-Limited and Conducted via Remote Video**

A court may enter an order directing that a witness may only be deposed via written questions pursuant to Rule 31. *See, e.g., Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1423 (11th Cir. 1994) (affirming "*sua sponte* ruling of the district court, pursuant to Rule 31, that the plaintiffs may depose [certain witnesses] only by written questions"). A court also has broad discretion to restrict the duration, location, and circumstances under which a deposition occurs, in

order to protect a witness from undue burden, expense, or annoyance. *Florida*, 2022 WL 4021934, at *5 (entering protective order that limited the maximum duration of witness's deposition and required the deposition to be conducted at a location that was convenient for the witness). This includes directing that a deposition should take place via videoconference. *See generally In re Willingham*, No. 3:11-ap-00269-JAF, 2014 WL 3697556, at *4 (Bankr. M.D. Fla. July 18, 2014) ("[C]ourts retain substantial discretion to designate the site of a deposition, and presumptions as to where the deposition should take place are merely decisional rules that facilitate the determination when other relevant factors do not favor one side over the other. Moreover, ample case law recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue.") (internal citation omitted). A court may also limit the scope of the questions to be asked during any examination. *See, e.g.*, *Johnson v. Mortham*, 164 F.R.D. 571 (N.D. Fla. 1996).

Here, even if Defendants could demonstrate a need to depose Alex Bongrain and Pierre Ragnet a second time in connection with this action (they cannot), Defendants should not be permitted to harass the witnesses by compelling them to travel from France and Belgium to the United States and testify on matters they have already been extensively deposed on by the same counsel in the Related Delaware Action. Accordingly and in the alternative, if the Court does not preclude the depositions of Alex Bongrain and Pierre Ragnet in their entirety, Plaintiff respectfully requests that the Court enter an order that limits the scope of any supplemental examination to issues uniquely relevant to this action that were not and could not have been addressed during the witnesses' all-day depositions in the Related Delaware Action, and then *either* provides that (i) the witnesses may only be deposed via written questions pursuant to Rule 31, *or*, by way of further alternative, (ii) the witnesses may each be deposed for no more than one hour, with such deposition

taking place remotely via video, so as to protect the witnesses from being compelled to undertake, costly, time-consuming, and unduly burdensome overseas travel in order to answer supplemental questions after already being previously deposed.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Zausner respectfully submits that the instant motion for protective order should be granted, and the Court should enter the proposed order submitted herewith protecting Alex Bongrain and Pierre Ragnet from being compelled to appear for unnecessary, unduly burdensome and harassing second depositions in connection with this action.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for the Plaintiffs conferred with all parties or

non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve

the issues raised in the motion and has been unable to do so because they oppose the relief sought.

Dated:  January 20, 2023

By: */s/ David W. Marston Jr.*
David W. Marston Jr.
Florida Bar No. 111636
Email: david.marston@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone:  305.415.3303
eFacsimile:  877.432.9652

Troy S. Brown (admitted *pro hac vice*)
   Email: troy.brown@morganlewis.com
Margot G. Bloom (admitted *pro hac vice*)
   Email: margot.bloom@morganlewis.com
Su Jin Kim (admitted *pro hac vice*)
   Email: su.kim@morganlewis.com
Brian Morris (admitted *pro hac vice*)
   Email: brian.morris@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1700 Market Street
Philadelphia, PA 19103-2921
Telephone:  215.963.5214
eFacsimile:  215.963.5001

*Counsel for Plaintiff Zausner Foods Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission or Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or pro se parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *David W. Marston, Jr.*
David W. Marston, Jr.

## SERVICE LIST

Joel S. Magolnick, Esq.
Marko & Magolnick, P.A.
3001 S.W. 3rd Avenue
Miami, FL 33129
Telephone: 305.285.2000
Facsimile: 305.285.5555

John E. Kirkpatrick
John E. Kirkpatrick & Associates
1242 SW 18th Street
Miami, FL  33145-1632
Telephone: 305.285.4393
kirkpatrick@mm-pa.com

*Counsel for Defendants*

**Via CM/ECF**

12